**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT WILHELM, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **COMPLAINT FOR VIOLATIONS** |
| VIDLER WATER RESOURCES, INC., | ) **OF THE FEDERAL SECURITIES** |
| MAXIM C.W. WEBB, DOROTHY TIMIAN- | ) **LAWS** |
| PALMER, NICOLE WEYMOUTH, ERIC H. | ) |
| SPERON, and GREGORY BYLINSKY, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

Plaintiff Robert Wilhelm ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Vidler Water Resources, Inc. ("Vidler Water" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Vidler Water to D.R. Horton, Inc. ("D.R. Horton") (the "Proposed Transaction").

2. On April 13, 2022, Vidler Water entered into an Agreement and Plan of Merger with D.R. Horton and D.R. Horton's wholly owned subsidiary, Potable Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Under the terms of the Merger Agreement, D.R. Horton will

acquire Vidler Water for $15.75 in cash per share of Vidler Water common stock via a tender offer (the "Tender Offer"). Merger Sub commenced the Tender Offer on April 27, 2022.

3. On April 27, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that Vidler Water stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (a) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Kroll LLC (Duff & Phelps Opinion Practice) ("Duff & Phelps"); (b) the background of the Proposed Transaction; and (c) Duff & Phelps' and Company insiders' potential conflicts of interest.

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their corporate rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Tender Offer or Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Vidler Water common stock.

10. Defendant Vidler Water is a Delaware corporation, with its principal executive offices located at 3480 GS Richards Blvd., Suite 101, Carson City, Nevada 89703. Vidler Water's shares trade on the Nasdaq Global Select Market under the ticker symbol "VWTR."

11. Defendant Maxim C.W. Webb has been Executive Chairman of the Board, Chief Financial Officer, and a director of the Company at all relevant times.

12. Defendant Dorothy Timian-Palmer has been President, Chief Executive Officer, and a director of the Company at all relevant times.

13. Defendant Nicole Weymouth is and has been a director of the Company at all relevant times.

14. Defendant Eric H. Speron is and has been a director of the Company at all relevant times.

15. Defendant Gregory Bylinsky is and has been a director of the Company at all relevant times.

16. Defendants identified in paragraphs 11-15 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

17. On April 14, 2022, Vidler Water announced in relevant part:

ARLINGTON, Texas and CARSON CITY, Nevada (April 14, 2022)—D.R. Horton, Inc. (NYSE: DHI) ("D.R. Horton"), America's Builder, and Vidler Water Resources, Inc. (Nasdaq: VWTR) ("Vidler") announced today that the two companies have entered into a definitive merger agreement pursuant to which D.R. Horton will acquire Vidler for $15.75 per share in an all-cash transaction which represents a 19% premium to the 90-day volume-weighted average share price and a 39% premium to Vidler's book value of equity.

Vidler owns a portfolio of premium water rights and other water-related assets in the southwestern United States in markets where D.R. Horton operates that require water for development, but face a lack of adequate supply. Vidler's highly experienced management team has a proven track record of accessing, developing and realizing value for premium water assets while expertly navigating local regulations and working with governmental entities. Post-closing, Vidler will operate as a separate operating division within D.R. Horton.

Under the terms of the merger agreement, D.R. Horton, through its directly owned acquisition subsidiary, will commence a tender offer to acquire all outstanding shares of Vidler for $15.75 per share.  Upon the successful completion of the tender offer, D.R. Horton's acquisition subsidiary will be merged into Vidler, and any remaining shares of Vidler will be canceled and converted into the right to receive the same consideration payable pursuant to the tender offer. Following completion of the merger, the common stock of Vidler will no longer be listed for trading on the Nasdaq. The total equity value of the transaction is approximately $291 million, and the transaction is expected to close during the second calendar quarter of 2022 subject to customary closing conditions.

**The Materially Incomplete and Misleading Recommendation Statement**

18. On April 27, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which

recommends that Vidler Water stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Duff & Phelps; (b) the background of the Proposed Transaction; and (c) Duff & Phelps' and Company insiders' potential conflicts of interest.

***Material Misrepresentations and/or Omissions Concerning Vidler Water's Financial Projections and Duff & Phelps' Financial Analyses***

19. The Recommendation Statement fails to disclose material information concerning the financial projections for Vidler Water.

20. With respect to the Company's financial projections, the Recommendation Statement fails to disclose all line items underlying the projected cash flows for each of the Company's projects.

21. Additionally, the Recommendation Statement fails to disclose Company management's projections titled "Project Potable February 2022," relied upon by Duff & Phelps in connection with rendering its fairness opinion. *See* Recommendation Statement at 33

22. The Recommendation Statement also fails to disclose material information concerning Duff & Phelps' financial analyses.

23. With respect to Duff & Phelps' *Discounted Cash Flow Analysis* ("DCF"), the Recommendation Statement fails to disclose: (a) the estimated value range resulting from the DCFs of each project; (b) the specific discount rate ranges applied to each project; (c) the inputs and assumptions underlying the discount rate ranges of 5.0% to 35.0% and 6.0% to 8.0% utilized in the analyses; and (d) the estimated present value of future management bonuses.

*Material Misrepresentations and/or Omissions Concerning Company the Background of the Proposed Transaction*

24. The Recommendation Statement fails to disclose material information concerning the background process leading to the Proposed Transaction.

25. The Recommendation Statement fails to disclose whether any of the non-disclosure agreements ("NDAs") the Company entered into with interested parties during the sale process, including parties referred to in the Recommendation Statement as "Party B," "Party A" and the 22 parties that executed NDAs between November 2021 through January 2022 (*see id*. at 14), include a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding any party from submitting a topping bid for the Company.  Notably, the Recommendation Statement sets forth that "[u]pon the public announcement of the Merger Agreement, the standstill provisions in *certain* non-disclosure agreements between the Company and parties involved with the strategic alternatives process were no longer in effect" (*id.* at 23) (emphasis added), implying that the standstill provisions in certain other NDAs *are* still in effect.

*Material Misrepresentations and/or Omissions Concerning Duff & Phelps' and Company Insiders' Potential Conflicts of Interest*

26. The Recommendation Statement fails to disclose material information concerning Duff & Phelps' potential conflicts of interest.

27. Specifically, the Recommendation Statement fails to disclose whether the Company anticipates paying Duff & Phelps any additional fees at Duff & Phelps' standard hourly rates in connection with Duff & Phelps "support[ing] its findings subsequent to the delivery of the [fairness o]pinion" (*id.* at 37) and, if so, quantification of such additional fees.

28. The Recommendation Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

29. For example, the Recommendation Statement sets forth that "the Company's current executive officers have engaged in preliminary discussions with [D.R. Horton] regarding employment, compensatory and equity compensation arrangements with [D.R. Horton] or Surviving Corporation following the closing of the Transactions[.]" *Id*. at 8. Yet, the Recommendation Statement fails to disclose the details of the discussions the Company's current executive officers have engaged in with D.R. Horton regarding employment, compensatory, and equity compensation arrangements following the closing of the Proposed Transaction. Moreover, the Recommendation Statement fails to disclose whether any of D.R. Horton's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or other compensatory and equity compensation arrangements with the surviving corporation.

30. In sum, the omission of the above-referenced information renders statements in the "Certain Company Summary Financial Projections," "Opinion of the Company's Fairness Opinion Provider," "Background of the Offer," and "Arrangements Following the Merger" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Vidler Water will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

31. Plaintiff repeats all previous allegations as if set forth in full.

32.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Vidler Water stockholders to tender their shares in the Tender Offer.

33.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

38.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation

Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Vidler Water, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to Vidler Water stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the

9

Company's financial projections, Duff & Phelps' financial analyses, the background of the Proposed Transaction, and Duff & Phelps' and Company insiders' potential conflicts of interest.

43. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of Vidler Water within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Vidler Water, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

49. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d), Section 14(e) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Vidler Water stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Vidler Water, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 12, 2022

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*